**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
GARY LABARBERA, THOMAS GESUALDI,
LOUIS BISIGNANO, ANTHONY PIROZZI,
DOMINICK MARROCCO, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST,
THOMAS PIALI and DENISE RICHARDSON
as Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity, Job Training, and
Vacation and Sick Leave Trust Funds,

                             Plaintiffs,

                - against -

ABSOLUTE TRUCKING, INC,

                            Defendant.
-------------------------------------------------------------X

**ORDER**

CV 08-4581 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Before the Court is a letter motion [DE 15] by Plaintiffs, Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds ("Plaintiffs"), to compel responses to outstanding discovery requests and for Defendant to appear for its duly noticed deposition (the "Motion to Compel"). Specifically, Plaintiffs seek an Order directing Defendant to (1) respond to Plaintiffs' discovery requests within five days; (2) appear for deposition no later than two weeks following submission of its discovery responses; and (3) pay the costs incurred by Plaintiffs as a result of filing the instant Motion. *See* DE 15 at 2. Defendant Absolute Trucking, Inc. ("Defendant") has not filed opposition papers and the time to do so has expired. For the reasons set forth below, Plaintiffs' Motion to Compl is GRANTED, to the extent set forth in this Order.

## II. BACKGROUND

Plaintiffs served their First Set of Interrogatories and First Request for the Production of Documents (the "Discovery Requests") upon Defendant on May 14, 2009. *See* DE 15 at 1; Exs. A, B. To date, Defendant has not served responses to Plaintiffs' Discovery Requests, and has not responded to Plaintiffs' letters notifying Defendant of its obligation to respond by the deadline and offering to extend that deadline. *See* DE 15 at 1-2, Exs. E, F.

On May 21, 2009, Plaintiffs served upon Defendant a Notice of Deposition seeking to depose a corporate representative of Defendant on July 1, 2009. *See* DE 15 at 1; Ex. C. Due to a scheduling conflict, and pursuant to the parties' agreement, the deposition was rescheduled for July 22, 2009. *See* DE 15 at 1; Exs. D, E, F. On July 22, 2009, neither Defendant nor its counsel appeared for the deposition, nor did Defendant provide any explanation for the failure to appear. *See* DE 15 at 2, Ex. G.

## II. DISCUSSION

Under Rule 34, a party must serve its responses to discovery demands within thirty days after being served with the requests, unless a shorter or longer time period is stipulated to or ordered by the Court. *See* Fed. R. Civ. P. 34(a)(2)(A). It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available. *See Erlich v. Village of Sea Cliff*, CV 04-4025, 2007 WL 1593241, at *4 (E.D.N.Y. Jun. 1, 2007); *Eldaghar v. N.Y. Dep't of Citywide Admin. Servs.*, 02 Civ. 9151, 2003 U.S. Dist. LEXIS 19247, at *1-*2 (S.D.N.Y. Oct. 28, 2003); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236 (W.D.N.Y. 1998). "Any other result would ignore the time limits set forth in the Federal Rules of Civil Procedure, contribute further to the delay in

resolving cases, and transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines." *Eldaghar*, 2003 U.S. Dist. LEXIS 19247, at \*3-\*4.

Here, Plaintiffs served their Discovery Requests upon Defendant on May 14, 2009. Pursuant to the Case Management and Scheduling Order in effect in this action, Defendant's responses to Plaintiff's Discovery Requests were due by July 8, 2009. *See* DE 12. Defendant did not move to extend this deadline, and no such extension was granted by the Court. *See* Fed. R. Civ. P. 16(b) (4) ("A schedule may be modified only for good cause and with the judge's consent."). Defendant did not serve its responses within the permissible time period and, in fact, had not served its responses as of the date Plaintiffs filed the instant Motion to Compel. Moreover, Defendant has not shown good cause for its failure to respond to Plaintiffs' interrogatories. Thus, by failing to comply with Rule 34(a), and failing to show good cause for not responding to the interrogatories, Defendant has waived its rights to object to Plaintiffs' Discovery Requests. *See Eldaghar*, 2003 U.S. Dist. LEXIS 19247, at \*1-\*2; *see also Adkison v. Marshall & Ziolkowski Enters. LLC*, CV 07-4739, 2008 WL 1924919, at \*1 (E.D.N.Y. Apr. 29, 2008).

Defendant is hereby ordered to provide full and complete responses to all of Plaintiffs' Discovery Requests no later than August 27, 2009. The responses shall include production of all documents in the possession, custody or control of Defendant, as well as full and complete responses to the interrogatories. Defendant is further directed to produce a corporate representative to appear for deposition no later than September 15, 2009, at the offices of Plaintiffs' counsel, as set forth in Plaintiff's Notice of Deposition dated May 21, 2009. Should

Defendant Absolute Trucking fail to comply fully with this Order, the Court will proceed to impose appropriate sanctions.

**SO ORDERED.**

Dated: Central Islip, New York
August 12, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge